[Cite as *State v. Harris*, 2011-Ohio-1626.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-49 |
| JASON HARRIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of Common Pleas Case No. 2006-CR-651H

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     March 29, 2011

APPEARANCES:

For Plaintiff-Appellee:            For Defendant-Appellant:

JAMES J. MAYER, JR.           RANDALL E. FRY 0011432
38 South Park Street            10 West Newlon Place
Mansfield, Ohio 44902         Mansfield, Ohio 44902

KIRSTIN PSCHOLKA-GARTNER
0077792
Assistant Prosecuting Attorney
(Counsel of Record)

*Delaney, J.*

{¶1} Defendant-Appellant Jason Harris appeals the March 26, 2010 resentencing entry of the Richland County Court of Common Pleas, convicting him of felonious assault with a three-year firearm specification, one count of domestic violence, and one count of having a weapon while under a disability. The trial court resentenced Appellant pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, due to the omission of the manner of conviction in Appellant's original 2007 sentencing entry.

{¶2} The facts underlying Appellant's present appeal were elicited in his direct appeal in *State v. Harris,* 5th Dist. No. 2007-CA-0059, 2008-Ohio-2681. We adopt those facts for purposes of this appeal.

{¶3} Appellant filed a direct appeal of his 2007 conviction to the Fifth District Court of Appeals in case number 2007-CA-0059. In that proceeding, he raised five assignments of error, including claims of ineffective assistance of counsel and denial of his statutory right to a speedy trial. In an opinion dated June 2, 2008, this Court affirmed the Appellant's convictions, finding all five assignments of error to be without merit.

{¶4} Appellant then appealed to the Supreme Court of Ohio, who declined to accept jurisdiction of his case on October 29, 2008.

{¶5} Following the denial of his direct appeal, Appellant filed a post-conviction Motion for Reconsideration of Sentence in the trial court on August 10, 2009. That motion was overruled on August 20, 2009. Thereafter, Appellant filed an appeal with this Court in case number 09-CA-115. The appeal was dismissed on Appellant's own motion on November 25, 2009. Appellant then filed a motion for resentencing in the trial

court, claiming that his entry was not a final appealable order because it did not comply with the requirements of *State v. Baker* (2008), 119 Ohio St.3d 197, 893 N.E.2d 163. Pursuant to that motion, Appellant was resentenced on March 26, 2010.

{¶6}  Appellant now appeals to this court for the third time from his original convictions; however, he has not limited his claims to his resentencing.  He argues that since his original sentencing entry was not a "final appealable order" his first direct appeal was invalid.  Accordingly, he now argues that he is entitled to appeal all errors which arose from his trial.

{¶7}  Appellant raises nine Assignments of Error:

{¶8}  "I. THE TRIAL COUNSEL FOR THE DEFENDANT-APPELLANT COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT OBJECTING TO THE RE-SENTENCING HEARING.

{¶9}  "II.  THE TRIAL COURT ERRED PREJUDICIALLY BY FAILING TO DISCHARGE THE DEFENDANT-APPELLANT PURSUANT TO O.R.C. 2945.73 AFTER NOT BRINGING THE DEFENDANT-APPELLANT TO PRELIMINARY HEARING WITHIN TEN DAYS AFTER HIS ARREST.

{¶10} "III.  THE DEFENDANT-APPELLANT'S TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO FILE FOR A DISCHARGE PURSUINT [SIC] TO O.R.C. 2945.73 AND FOR THE COURT VIOLATING O.R.C. 2921.52(A)(4)(C), AND VIOLATING O.R.C.2921.45.

{¶11} "IV. THE TRIAL COURT ERRED BY GRANTING ATTORNEY BERNARD DAVIS' MOTION OF CONTINUANCE FILED ON SEPTEMBER 28, 2006.

{¶12} "V.   THE TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FILING THE MOTION OF CONTINUANCE OF SEPTEMBER 28, 2006.

{¶13} "VI.   THE TRIAL COURT ERRED IN NOT DISMISSING THE CASE AGAINST THE DEFENDANT-APPELLANT FOR VIOLATION OF TIME LIMITS STATED IN O.R.C. 2945.71.

{¶14} "VII.   TRIAL COUNSEL FOR THE DEFENDANT-APPELLANT COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE THAT THE CONTINUANCE FILED ON SEPTEMBER 28, 2006, WAS INSUFFICIENT TO TOLL THE SPEEDY TRIAL TIME AS DESIGNATED IN O.R.C. 2545.71[SIC] AND MUST BE CHARGED TO THE PLAINTIFF-APPELLEE.

{¶15} "VIII. THE TRIAL COURT ERRED IN ISSUEING [SIC] A WARRANT FOR THE DEFENDANT-APPELLANT'S ARREST ON NOVEMBER 28, 2006.

{¶16} "IX.   THE TRIAL COURT ERRED IN NOT DISMISSING THE CASE AS THE DEFENDANT-APPELLANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED AS ENUMERATED IN O.R.C. 2945.71 AND THEREFORE, PURSUANT TO O.R.C. 2945.73 THE DEFENDANT-APPELLANT SHOULD HAVE BEEN DISCHARGED."

I - IX

{¶17}  Appellant seeks to relitigate multiple claims from his original conviction in 2007.  He was given the opportunity of a direct appeal at that time, and also was able to file a post-conviction petition and litigate additional substantive claims.

{¶18}  Subsequent to the Ohio Supreme Court's decision in *State v. Baker* (2008), 119 Ohio St.3d 197, 893 N.E.2d 163, Appellant requested to be resentenced

because the judgment entry did not contain the manner of conviction, i.e., that Appellant had been convicted by a jury. Appellant was then resentenced on March 26, 2010, to include the language that he was convicted by a jury and now appeals from that resentencing; however, he does not limit his arguments to the resentencing with respect to the conviction by a jury. Instead he seeks to relitigate prior substantive claims as well as raise new claims. We do not find this to be the intent of the Supreme Court in *Baker*.

{¶19} In *State v. Griffin*, 5th Dist. No. 09-CA-21, 2010-Ohio-3517, Judge Hoffman, in his dissent, stated as follows:

{¶20} "There is a distinction to be made between the finality of judgments for the purpose of appeal and the type of finality that is required to preclude further litigation on the issue between the parties". *Michaels Bldg. Co. v. City of Akron* (Nov. 25, 1987), Summit App. No. 13061.

{¶21} "Because Appellant herein previously invoked appellate review and nothing in the order as it then existed prohibited or affected her ability to address all issues relating to her previous conviction, Appellant should be judicially estopped from now asserting our previous appellate court ruling is not entitled to law of the case status. To hold otherwise violates the invited error doctrine and allows Appellant the proverbial "second bite at the apple.""

{¶22} Since the decisions in *Baker* and in *Griffin*, the Supreme Court has decided the case of *State v. Fischer* (2010), -- N.E.2d --, 2010-Ohio-6238

{¶23} In *Fischer*, in 2002, a judge sentenced Fischer to an aggregate term of 14 years' imprisonment for aggravated robbery, felonious assault, having a weapon while under disability, and two counts of aggravated burglary, all with firearms specifications.

A timely direct appeal followed, and his convictions were affirmed by the court of appeals. *State v. Fischer*, 9th Dist. No. 20988, 2003-Ohio-95, (rejecting sufficiency-of-the-evidence claims and *Batson* challenges).

{¶24} Several years later, Fischer successfully moved pro se for resentencing after the Supreme Court issued its decision in *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (holding that a sentence that omits a statutorily mandated postrelease term is void) because he had not been properly advised of his postrelease-control obligations. Thereafter, the trial court properly notified Fischer of those obligations and reimposed the remainder of the sentence. Fischer appealed.

{¶25} On appeal, Fischer asserted that because his original sentence was void, his first direct appeal was "not valid" and that this appeal is in fact "his first direct appeal" in which he may raise any and all issues relating to his conviction. *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083, ¶ 4 and 5. The court of appeals rejected his claim, holding that the appeal was precluded by the law-of-the-case doctrine. Id. at ¶ 7-8.

{¶26} The Ohio Supreme Court granted discretionary review of a single proposition arising from the appeal: whether a direct appeal from a resentencing ordered pursuant to *State v. Bezak* was a first appeal as of right. *State v. Fischer*, 123 Ohio St.3d 1410, 2009-Ohio-5031, 914 N.E.2d 206. They held that it is not.

{¶27} Similarly, we do not find that Appellant's resentencing in the present case allows him the opportunity to reopen his direct appeal for a second bite of the apple.

{¶28} As the *Fischer* Court noted, "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged

errors in proceedings that occur prior to the imposition of sentence.' " *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. Id. The scope of relief based on a rule, like Fed.R.Crim.P. 35, is likewise constrained to the narrow function of correcting only the illegal sentence. It does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing. See, e.g., *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417." Id. at ¶25.

{¶29} Similarly, because a judge failed to indicate the mandated manner of conviction as part of a defendant's sentence in 2007, that part of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more.

{¶30} However, we hold that the new sentencing hearing to which an offender is entitled is limited to including the proper manner of conviction, which legitimately could be corrected by a nunc pro tunc entry as it could be considered a clerical error. Appellant, having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal. *Fischer*, supra, at ¶ 33, citing 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083. In *Fischer*, the Supreme Court pointed out that the court of appeals based its decision on the law-of-the-case doctrine, which provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.

{¶31} Nothing in *Baker,* supra, discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth "the sentence" in addition to the other necessary aspects of the judgment. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

{¶32} Accordingly, we decline to address the merits of Appellant's assignments of error as they do not raise issues related to the narrow function of including the manner of conviction.

{¶33} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

*Farmer, J., dissents*

{¶34} I respectfully dissent from the majority's view that appellant's resentencing pursuant to *Baker* does not allow him the opportunity to reopen his direct appeal for a "second bite of the apple."

{¶35} In support of its position, the majority analyzes the Supreme Court of Ohio's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238*. Fischer* involved the failure to properly sentence on postrelease control. The *Fischer* court, at paragraphs three and four of the syllabus, held the scope of an appeal from a resentencing hearing is limited to issues arising during the resentencing hearing:

{¶36} "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶37} "The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶38} On the issue of res judicata and postrelease control resentences, the *Fischer* court explained the following at ¶30-31:

{¶39} "Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence. Here, we adopt that remedy in one narrow area: in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms. In such a case, the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not

preclude appellate review.  The sentence may be reviewed at any time, on direct appeal or by collateral attack.

{¶40}  "Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.  In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute.  In light of the General Assembly's enactment of R.C. 2929.191, it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences.  Even if that is not the case, however, we would be ill-served by the approach advocated by the dissent, which is premised on an unpalatable and unpersuasive foundation."

{¶41}  Following the *Fischer* case, the Supreme Court of Ohio issued a decision in *State ex rel. DeWine v. Burge,* ___ Ohio St.3d ___, 2011-Ohio-235.  In this case, Justice Lanzinger, in a concurring opinion at ¶24, discussed whether new appellate rights emerge from a *Baker* violation:

{¶42}  "I concur in the court's opinion, but write separately to note that our decision today leaves open the question whether new appellate rights arise from a new sentencing entry issued in order to comply with Crim.R. 32(C).[FN2]  We have held that a sentencing entry that violates Crim.R. 32(C) renders that entry nonappealable.  *State ex rel. Culgan v. Medina Cty. Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶9.  In light of the facts of the present case, we eventually will need to determine what effect an appellate decision has when the appellate court's

jurisdiction was premised upon a sentencing entry that violated Crim.R. 32(C) and was thus nonappealable.

{¶43} "FN2. The state has raised this issue in its second proposition of law in *State v. Allen,* case No. 2010-1342, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, and *State v. Smith,* case No. 2010-1345, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, both of which we accepted for review and held for our decision in the case. The issue is also pending in *State v. Lester,* which we agreed to review on order of a certified conflict and on a discretionary appeal, case Nos. 2010-1007, 126 Ohio St.3d 1581, 2010-Ohio-4542, 934 N.E.2d 354 and 2010-1372, 126 Ohio St.3d 1579, 2010-Ohio-4542, 934 N.E.2d 353."[1]

{¶44} I therefore conclude there has been no guidance provided to the appellate courts on the applicability of res judicata to a non-final order pursuant to *Baker*. Based upon the case law as it stands today, I would find there was no final appealable order until the March 26, 2010 judgment entry on resentencing, and appellant is entitled to a review of his assignments of error.

_____
HON. SHEILA G. FARMER

---

[1]I note as of March 23, 2011, the *Allen* and *Smith* cases are still stayed, and *Lester* is currently set for oral argument on April 6, 2011.

[Cite as *State v. Harris*, 2011-Ohio-1626.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JASON HARRIS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-49 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER