[Cite as *State ex rel. Viceroy v. Strickland-Saffold*, 2011-Ohio-3077.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96594**

## STATE OF OHIO, EX REL.,
## PETER VICEROY

RELATOR

vs.

## JUDGE SHIRLEY STRICKLAND-SAFFOLD
## Court of Common Pleas

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No.   444225
Order No.   445531

**RELEASE** DATE:    June 22, 2011

**FOR RELATOR**

Peter Viceroy, 303-314
RiCI
1001 Olivesburg Rd.
P. O. Box 8107
Mansfield, Ohio 44901-8107


**FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

James E. Moss
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1}   Relator, Peter Viceroy, is the defendant in *State v. Viceroy*, Cuyahoga Cty. Court of Common Pleas Case No. CR-315048, which has been assigned to respondent judge.   The grand jury issued a one-count indictment for felonious assault with a firearm specification and a violence specification.   After trial to a jury, respondent sentenced Viceroy to three years on the firearm specification and three to fifteen years for felonious assault.   This court affirmed. *State v. Viceroy* (May 9, 1996), Cuyahoga App. No. 68890.

{¶ 2}   In 2010, Viceroy filed an original action in procedendo in this court to compel

respondent to issue a final order in Case No. CR-315048. This court granted the writ and stated: "Accordingly, this court grants the writ of procedendo and orders the respondent to issue a final, appealable order in the underlying case which complies with Crim.R. 32(C) and which corrects the various defects and errors in the original sentencing journal entry, including a clear statement that the jury found Peter Viceroy guilty of the firearm specification and a resolution of the violence specification, which could be a dismissal or a nolle." *State ex rel. Viceroy v. Strickland Saffold*, Cuyahoga App. No. 95623, 2011-Ohio-5563, ¶7.

{¶ 3} Respondent issued a new sentencing entry in response to Case No. 95623 which states, in part: "On a former day a jury found defendant Peter Viceroy guilty of felonious assault in violation of R.C. 2903.11 with a firearm specification (specification one) as charged in the indictment. The violence specification (specification two) has been dismissed. Defendant Peter Viceroy is sentenced *  * * for a term of (3) three years (mandatory) on the firearm specification to be served prior to and consective [sic] with the sentence of (3) three years to (15) fifteen years on the felonious assault charge." Case No. CR-315048, December 7, 2010 Entry ("resentencing entry"). Viceroy has not appealed the resentencing entry.

{¶ 4} Viceroy contends that the resentencing entry is not a final appealable order. He requests this court to compel respondent to issue a final order. For the reasons stated below, we grant respondent's motion for summary judgment, deny Viceroy's cross-motion for summary judgment and deny relief in procedendo.

{¶ 5} The criteria for relief in procedendo are well-established. The relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate remedy in the ordinary course of the law. See, e.g., *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, at ¶13.

{¶ 6} In Viceroy's first action in procedendo, Case No. 95623, this court instructed respondent to issue a sentencing entry which complies with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The resentencing entry: states the means of conviction; disposes of all counts and specifications; imposes sentence on the count and specification which resulted in a finding of guilt; imposes sentence; and is both signed by the judge and journalized by the clerk. Given the limited portions of the record available to this court in this original action, we must conclude that the resentencing entry complies with Crim.R. 32(C) and *Baker* and is a final appealable order.

{¶ 7} Viceroy has or had a right to appeal the resentencing entry. See, e.g., *State ex rel. Wright v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 96397, 2011-Ohio-2159. His concerns about the scope of the resentencing entry — that is, disposing of the violence specification without a hearing — could be addressed to this court in the exercise of its appellate jurisdiction. Regardless, in Viceroy's first action in procedendo, Case No. 95623, respondent was not instructed to hold a hearing but to issue a final appealable order. *Viceroy*, supra, ¶7.

{¶ 8} As a consequence, we must conclude that Viceroy does not have a clear legal right to proceed in the underlying case for the purpose of requiring respondent to issue a new sentencing entry. Likewise, Viceroy has or had an adequate remedy in the ordinary course of the law by way of appeal.

{¶ 9} Accordingly, respondent's motion for summary judgment is granted and relator's cross-motion for summary judgment is denied. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*

---

PATRICIA ANN BLACKMON, PRESIDING JUDGE

LARRY A. JONES, J., and
SEAN C. GALLAGHER, J., CONCUR