[Cite as *State v. Avery*, 2011-Ohio-4182.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# UNION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,              CASE NO. 14-10-35

     v.

EDWARD AVERY, SR.,                **O P I N I O N**

     DEFENDANT-APPELLANT.

**Appeal from Union County Common Pleas Court**
**Trial Court No. 1997 CR 0020**

**Judgment Affirmed**

**Date of Decision: August 22, 2011**

APPEARANCES:

    *Craig M. Jaquith* for Appellant

    *David W. Phillips and Terry L. Hord* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Edward B. Avery, Sr. ("Avery"), appeals the judgment entry of the Union County Court of Common Pleas, resentencing Avery to correct an error in the imposition of postrelease control. On appeal, Avery raises several issues pertaining to his original 1997 convictions for rape, kidnapping, aggravated burglary, and robbery. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 1, 1997, a jury found Avery guilty of first degree rape, second degree robbery, first degree aggravated burglary, and first degree kidnapping. Avery was sentenced to maximum sentences of ten years imprisonment for the counts of rape, aggravated burglary and kidnapping, to be served consecutively to each other, and eight years imprisonment for the count of robbery, to be served concurrently to the sentences for the other counts, for a total of thirty years of imprisonment. In addition, the trial court adjudicated Avery a sexual predator.

{¶3} Avery appealed his conviction to this Court, asserting four assignments of error. This Court affirmed the conviction and sentence in a decision dated April 14, 1998. See *State v. Avery* (1998), 126 Ohio App.3d 36, 709 N.E.2d 875 (or, "*Avery I*"). Avery's motion for leave to file a delayed appeal to the Ohio Supreme Court was denied at 91 Ohio St.3d 1462, 743 N.E.2d 401.

{¶4} On January 12, 2004, Avery filed a request for review and modification of his sentence. The trial court overruled Avery's motion without holding an evidentiary hearing and he appealed that decision. On August 9, 2004, we affirmed the trial court's decision, finding that the trial court's refusal to hold an evidentiary hearing on the motion was appropriate as the motion was untimely and barred by res judicata. See *State v. Avery*, 3d Dist. No. 14-04-06, 2004-Ohio-4165 (or, "*Avery II*").

{¶5} Subsequently, Avery filed a motion to correct inaccuracies in his sentencing entry and a motion for resentencing because of the trial court's failure to properly inform him of postrelease control ("PRC"). Counsel was appointed for Avery and on September 22, 2010, a hearing was held on all of his pending motions, along with additional issues that were raised at the hearing. On November 23, 2010, a de novo sentencing hearing was held. On November 24, 2010, the trial court resentenced Avery to an aggregate sentence of thirty years in prison (with credit for time served) and correctly informed him as to PRC. The resentencing entry also included the method of conviction, which was lacking in the previous judgment entry. See Crim.R. 32(C); *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶6} It is from this judgment that Avery now brings his third appeal before this Court, raising the following three assignments of error.

**First Assignment of Error**

**The trial court erred by not declaring a mistrial when a dismissed alternate juror was present for two hours during jury deliberations.**

**Second Assignment of Error**

**The trial court erred in its instructions to the jury on kidnapping, and thereby deprived Mr. Avery of his right to a fair trial before a properly instructed jury, and of his right to due process of law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.**

**Third Assignment of Error**

**The trial court erred when it did not merge rape and kidnapping as allied offenses.**

{¶7} Although the issues that Avery raises in this appeal have either previously been addressed on appeal, or could have been raised at the time of his previous appeals, he again seeks to revisit these issues after his new sentencing hearing. However, a recent decision by the Supreme Court of Ohio has clarified the extent of review that is applicable after a new sentencing hearing is held due to a trial court's failure to properly impose PRC. See *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332.

{¶8} The Ohio Supreme Court abrogated portions of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and held that "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to

proper imposition of postrelease control." *Fischer* at ¶29, 942 N.E.2d 332. When postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void, but "only the offending portion of the sentence is subject to review and correction." Id. at ¶27, 942 N.E.2d 332. The new sentencing hearing is limited to the proper imposition of postrelease control. Id. at ¶29, 942 N.E.2d 332.

{¶9} The scope of relief is limited and does not permit a reexamination of all the perceived errors at trial or in other proceedings. Id. at ¶25, 942 N.E.2d 332, citing *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus, 942 N.E.2d 332; *State v. Hall*, 3d Dist. No. 12-10-11, 2011-Ohio-659, ¶12.

{¶10} The three assignments of error raised by Avery do not pertain to the imposition of PRC. Therefore, they are barred by the doctrine of res judicata and are not subject to another appellate review.

{¶11} However, Avery also argues that res judicata is not applicable because he contends that the 1997 sentencing entry was not a proper final appealable order pursuant to *State v. Baker*. See 119 Ohio St.3d 197, supra. Therefore, Avery asserts that the opinion issued by this court in his 1998 direct

appeal is void because this Court did not have jurisdiction. He maintains that *Avery I* and *Avery II* cannot serve as preclusive judgments under the doctrine of res judicata.

{¶12} Crim.R. 32(C) provides that a "judgment of conviction shall set forth the plea, the verdict, or findings upon which each conviction is based, and the sentence." In *Baker*, the Ohio Supreme Court explained this requirement by holding that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." 119 Ohio St.3d 197, at the syllabus.

{¶13} Although Avery's original sentencing entry may not have technically complied with *Baker* and Crim.R. 32(C), that does not mean that it was necessary to conduct a resentencing hearing on this matter nor does it mean that the original sentence was a nullity. The Ohio Supreme Court has stated that "the technical failure to comply with Crim. R. 32(C) by not including the manner of conviction in [a defendant's] sentence is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity." (Emphasis sic.) *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶19. The Ohio Supreme Court observed that the appropriate remedy for a violation of Crim.R.

32(C) is "resentencing," however, it "did not suggest that this term encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C)." Id at ¶20. The Supreme Court distinguished an error in failing to state the method of conviction "from egregious defects, such as an entry that is not journalized, that permit a court to vacate its previous orders." Id. at ¶19. It explained its reasoning as follows:

> **Pursuant to Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth."** *State ex rel. Cruzado v. Zaleski*, **111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. "[N]unc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'"** *State ex rel. Mayer v. Henson*, **97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting** *State ex rel. Fogle v. Steiner* **(1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C). [Citations omitted.]**
>
> **Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, we have expressly held that "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing."** *State ex rel. Alicea v. Krichbaum*, **126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; see also** *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, **119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10–11 (a defendant is entitled to a sentencing entry that complies with Crim.R. 32(C));** *Dunn v. Smith*, **119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d**

> **312, ¶ 10 (when a trial court fails to comply with Crim.R. 32(C), "the appropriate remedy is correcting the journal entry").**

Id. at ¶¶17-18.

{¶14} In this case, as in *Burge*, the trial court and all the parties proceeded under the presumption that the sentencing entry for Avery was a final appealable order. "Any failure to comply with Crim.R. 32(C) was a mere oversight that vested the trial court with *specific, limited jurisdiction* to issue a new sentencing entry to reflect what the court had previously ruled * * *." (Emphasis sic) Id. at ¶19. The trial court's November 24, 2010 sentencing entry corrected the "mere oversight" of the previous failure to state the method of conviction. All of the parties were aware of the fact that Avery was found guilty after a jury trial and the record reflected this fact in numerous places. The trial court's correction of the sentencing entry to reflect what had actually occurred was merely a nunc pro tunc correction that did not render the previous judgment a nullity. Avery, having already had the benefit of a direct appeal, cannot raise any and all claims of error in successive appeals. See *Fischer* at ¶33; *State v. Harris*, 5th Dist. No. 10-CA-49, 2011-Ohio-1626, ¶30. Avery is not entitled to "another bite at the apple" as a result of this corrected judgment entry.

{¶15} Avery's new judgment entry of sentencing, which corrected the portion of the sentence pertaining to PRC and specified the method of conviction,

cannot be used as a vehicle to reopen all of the other aspects of his case. Avery's appeal from that judgment is limited to the subject of postrelease control. Res judicata is still applicable to the issues Avery has raised today. Based on the above, Avery's three assignments are overruled.

{¶16} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**