[Cite as *State v. Walker*, 2012-Ohio-697.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96486

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY WALKER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-268354

**BEFORE:** E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 23, 2012

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Anthony Walker, appeals from a nunc pro tunc journal entry issued by the Cuyahoga County Court of Common Pleas on February 11, 2011. Appellant argues that the trial court may not correct a judgment that is void pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, with a nunc pro tunc journal entry. For the following reasons, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.

{¶2} On June 19, 1991, appellant was indicted and charged with two counts of aggravated murder with specifications for mass murder and felony murder. Appellant was also charged with aggravated burglary, aggravated robbery, attempted murder, and kidnapping. Each of the counts contained a three-year firearm specification. Appellant pled not guilty to the charges.

{¶3} The case proceeded to a jury trial and, on November 2, 1991, appellant was found guilty of all counts. On November 21, 1991, the trial court accepted the jury's recommendation and imposed a death sentence for appellant's convictions of aggravated murder and imposed sentences on all other counts.

{¶4} This court reversed appellant's convictions and remanded the case for a new trial due to ineffective assistance of counsel in *State v. Walker*, 8th Dist. No. 62862, 1993 WL 437651 (Oct. 28, 1993). ("*Walker I*.")

**{¶5}** Appellant's retrial commenced on November 9, 1995 and, on February 11, 1996, a jury found appellant guilty of six of seven counts. The jury found appellant guilty of aggravated burglary, aggravated robbery, attempted murder, kidnapping, and aggravated murder with the mass murder specification. The jury also found appellant guilty of all firearm specifications. On February 13, 1996, the trial court sentenced appellant to an aggregate prison term of 33 years to life. This sentence was not journalized until May 26, 1998, nunc pro tunc for March 13, 1996.

**{¶6}** On June 25, 1998, appellant again appealed his conviction to this court. Appellant argued that the trial court erred:

> in refusing to grant a mistrial for jury misconduct; in giving improper instructions to the jury; in failing to journalize defendant's conviction for two years; and for allowing irrelevant and prejudicial evidence. Ineffective assistance of counsel is also asserted for failure to object to allegedly incomplete jury instructions. *State v. Walker*, 8th Dist. No. 74773, 1999 WL 1000686, *1 (Nov. 4, 1999). ("*Walker II.*")

On November 15, 1999, this court affirmed appellant's convictions and sentence.

**{¶7}** On June 23, 2010, appellant filed a motion for resentencing and the issuance of a revised judgment entry of his original case pursuant to Crim.R. 47. Appellant asserted that the trial court failed to enter a final appealable order in his 1996 trial and, therefore, his case is still pending before the trial court and he is entitled to a new sentencing hearing. The trial court granted the motion, in part, and entered a nunc pro tunc entry on February 11, 2011, for the purpose of correcting a clerical error that had omitted the appellant's manner of conviction, i.e., a jury verdict. The trial court

issued a revised sentencing journal entry, but denied appellant's motion that he was entitled to a new sentencing hearing.

{¶8} Appellant appeals, raising the following sole assignment of error:

{¶9} "The trial court may not correct a judgment void pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330 with a nunc pro tunc entry."

{¶10} We find no merit to this assigned error.

{¶11} Appellant claims that his sentencing entry does not conform to Crim.R. 32(C) under *Baker*. Relying on *Baker*, appellant asserts that the trial court has to this point failed to issue a final appealable order from his 1996 trial. The Ohio Supreme Court held in *Baker* that:

> A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence. *Baker*, *supra* at ¶ 18.

{¶12} The Ohio Supreme Court revisited its *Baker* holding in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, to clarify the necessary components of the manner of conviction and a trial court's ability to record nunc pro tunc journal entries to correct clerical omissions.

{¶13} The court in *Lester* held that the "the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates

the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C)." *Lester*, at ¶ 12. The court explained that the absence of the "identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance." *Id.* at ¶ 12. Thus, even though the trial court's original journal entry omitted that appellant was convicted by a jury, this omission was merely a clerical mistake and non-substantive, as appellant was already on notice concerning when the final judgment was entered. *Id*. at ¶ 10. *See also State v. Melton*, 8th Dist. No. 96621, 2011-Ohio-5929, 2011 WL 5631940, at ¶ 17-18 ("The fact the entry shows that Melton agreed to the plea and the court accepted the plea was sufficient to provide Melton with notice of his conviction and that the time for appeal had commenced. In fact, for the past 15 years Melton has been attempting to appeal his conviction. Therefore, he was well aware his conviction was final.").

{¶14} *Lester* clarified that "a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Lester*, at ¶ 20. As expressed in *Lester*, when "the sole purpose of the nunc pro tunc entry was to correctly state that appellant's original conviction was based on a jury verdict, a fact that was obvious to the court and all the parties," then it is apparent "that the nunc pro tunc entry merely corrected a clerical omission in the resentencing order

and made the entry reflect what had already happened, which was appellant's conviction by jury verdict." *Id.*

{¶15} The facts in this case are substantially similar to the fact pattern presented in *Lester*. As in *Lester*, appellant was present in open court and heard the jury verdict, has previously appealed his sentence in which his assignments of error recognized that the jury found him guilty, and has had his convictions and sentence affirmed by this court. *See State v. Walker*, 8th Dist. No. 74773, 1999 WL 1000686, at *13 (Nov. 4, 1999). *Compare Lester*, *supra* at ¶ 2-6; *State v. Bonnell*, 8th Dist. No. 96368, 2011-Ohio-5837, 2011 WL 5506071, at ¶ 17 ("In this case, all parties were aware that Bonnell was convicted by a jury on the aggravated burglary charge for which he was sentenced, as evidenced by his appeal of that charge."). No contradiction exists in the record to show appellant did not have knowledge that he was convicted by a jury. Moreover, in the journal entry from May 26, 1998, nunc pro tunc for March 13, 1996, the court reports that appellant was in court with counsel and was advised of his right to appeal from his convictions and his right to proceed to a mitigation hearing before a jury for the purposes of sentencing. Appellant waived his right to a sentencing hearing and his right to appeal the sentence in order to enter into a sentencing agreement.

{¶16} Even though the trial court's journal entry from May 26, 1998, nunc pro tunc for March 13, 1996, lacked the fact that a jury found appellant guilty, the judgment of conviction is a final order subject to appeal under R.C. 2505.02 because it set forth:

"(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, at ¶ 14; *see also Bonnell*, at ¶ 6, 14 ("Like the defendant in *Lester*, Bonnell had notice of his conviction, which was evident throughout the record, and was apparent to the defendant who had exhausted the appellate process.")

{¶17} A clerical omission does not render the judgment a nullity. *Bonnell*, at ¶ 13. The Ohio Supreme Court has held that "[c]onsistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, we have expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.'" *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, 943 N.E.2d 535, at ¶ 18, citing *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2. Therefore, the clerical omission of appellant's manner of conviction by a jury entitles him only to a corrected sentencing entry, which the trial court provided in the nunc pro tunc journal entry of February 11, 2011.

{¶18} This court finds that the omission of appellant's manner of conviction was a clerical error and non-substantive to appellant's final appealable order. Therefore, the trial court may enter a nunc pro tunc judgment to correct the omission from the March 13, 1996 judgment entry.

{¶19} Appellant's sole assignment of error is overruled.

**{¶20}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., DISSENTING
WITH SEPARATE OPINION

COLLEEN CONWAY COONEY, P.J., DISSENTING:

**{¶21}** I respectfully dissent because I would dismiss the instant appeal pursuant to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus, which states:

> 2. A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken.

**{¶22}** This court reviewed Walker's arguments in 1999 and affirmed his convictions and sentence, as the majority states.

**{¶23}** I would dismiss this attempt to file another appeal and find no reasonable grounds existed to file the appeal or to pursue it once *Lester* was decided.