[Cite as *State v. Viceroy*, 2012-Ohio-2494.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97031

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PETER VICEROY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-315048

BEFORE: E. Gallagher, J., Stewart, P.J., and Rocco, J.

RELEASED AND JOURNALIZED: June 7, 2012

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio   44119


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Peter Viceroy appeals from the journal entry of the trial court, modifying his sentence in conjunction with a writ of procedendo granted by this court of appeals. On appeal, Viceroy argues that his trial counsel rendered ineffective assistance, that the trial court violated Crim.R. 32 by failing to allow him to be present and speak at the modification of his sentence, and that the cumulative errors deprived him of his right to due process. Finding no merit to the instant appeal, we affirm the judgment of the trial court.

**{¶2}** On October 11, 1994, the Cuyahoga County Grand Jury indicted Viceroy on one count of felonious assault with a three-year firearm specification and a violence specification. On March 22, 1995, a jury found Viceroy guilty of felonious assault and the firearm specification; it was not clear how or whether the judge or jury rendered a verdict on the violence specification.[1] The trial court sentenced Viceroy to three years on the firearm specification and three to 15 years for felonious assault. The sentencing entry read in pertinent part as follows:

> Now comes the jury * * * and returned the following verdict in writing. To wit: "We, the jury being duly impaneled and sworn, find the defendant, Peter Viceroy, guilty of felonious assault, R. C. 2903.11 with violent

---

[1]It is of concern to this court that the verdict forms were not made part of the record by the trial court and the jury was not polled as to its verdict.

specifications as charged in the indictment." * * * It is ordered by the court that defendant, Peter Viceroy, is sentenced to the Lorain Correctional Institution for a term of three (3) years (mandatory) on the firearm specification after sentence of three (3) years to (15) years on the "felonious assault" charge, to run consecutive.

**{¶3}** This court affirmed Viceroy's conviction. *See State v. Viceroy*, 8th Dist. No. 68890, 1996 WL 239870 (May 9, 1996).

**{¶4}** In 2010, Viceroy filed an original action in procedendo in this court to compel the trial court to issue a final order in Case No. CR-315048. This court noted that Viceroy's sentencing entry had at least two fatal defects: "The jury did not return a verdict on the violence specification, and the entry did not state that the jury found Viceroy guilty of the firearm specification. Without a proper resolution of these specifications, there is no final appealable order." *State ex rel. Viceroy v. Strickland-Saffold*, 8th Dist. No. 95623, 2011-Ohio-5563.

**{¶5}** Based on these errors, the court granted the writ and stated:

Accordingly, this court grants the writ of procedendo and orders the respondents to issue a final, appealable order in the underlying case which complies with Crim.R. 32(C) and which corrects the various defects and errors in the original sentencing journal entry, including a clear statement that the jury found Peter Viceroy guilty of the firearm specification and a resolution of the violence specification, which could be a dismissal or a nolle. *Id*. at ¶ 7.

**{¶6}** In conjunction with this court's order, the trial court issued a new sentencing entry, which stated, in part:

On a former day a jury found defendant Peter Viceroy guilty of felonious

assault in violation of R.C. 2903.11 with a firearm specification (specification one) as charged in the indictment. The violence specification (specification two) has been dismissed. Defendant Peter Viceroy is sentenced * * * for a term of (3) three years (mandatory) on the firearm specification to be served prior to and consective [sic] with the sentence of (3) years to (15) fifteen years on the felonious assault charge.

Case No. CR-315048, December 7, 2010 Entry.

{¶7} Thereafter, Viceroy brought a second procedendo action, contending that the resentencing entry was not a final appealable order. He requested the court to compel the trial court to issue a final order. This court denied Viceroy's writ, finding that he did not have a clear legal right to proceed in the underlying case to require the trial court to issue a new sentencing entry, and that Viceroy had an adequate remedy in the ordinary course of the law by way of appeal. *See State ex rel. Viceroy v. Strickland-Saffold*, 8th Dist. No. 96594, 2011-Ohio-3077.

{¶8} Viceroy's delayed appeal followed.

{¶9} In his first assignment of error, Viceroy argues that his trial counsel rendered ineffective assistance. Specifically, Viceroy argues that counsel was ineffective for failing to object to the victim's testimony and in failing to challenge the operability of the firearm. Viceroy's arguments lack merit.

{¶10} Crim.R. 32(C) provides that a "judgment of conviction shall set forth the

plea, the verdict, or findings upon which each conviction is based, and the sentence." In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Ohio Supreme Court expounded on the language of Crim.R. 32(C) and set forth the elements required for a judgment of conviction to constitute a final appealable order. *Id*. at ¶ 18. The court concluded that a judgment of conviction "must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02." *Id*. at ¶ 19. "The Ohio Supreme Court's decision created confusion and spawned numerous appeals." *State v. Bonnell*, 8th Dist. No. 96368, 2011-Ohio-5837.

{¶11} In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 9, the Ohio Supreme Court recognized that its decision in Baker "created confusion and generated litigation regarding whether a trial court's inadvertent omission of a defendant's 'manner of conviction' affects the finality of a judgment entry of conviction." The court found that

> the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C). *Id*. at ¶ 12.

Nevertheless, the court held that when the manner of conviction is not included, the defendant remains entitled to a correction to the judgment. *Id*. at ¶ 16. As to the substantive requirements of Crim.R. 32(C), the court held as follows:

[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *Id*. at ¶ 14.

**{¶12}** In the present case, this court, in granting Viceroy's writ of procedendo, found that "despite the passage of time and appellate review, a defendant is still entitled to a sentencing entry that complies with Crim.R. 32(C)." *Viceroy*, at ¶ 6. This court granted the writ and remanded the matter to the trial court to issue a final appealable order that complied with Crim.R. 32(C) and that corrected the various defects and errors in the original sentencing journal entry. The trial court complied with this order and on December 7, 2010, issued a corrected resentencing journal entry. On appeal, Viceroy now claims that the journal entry invokes this court's jurisdiction to appeal his judgment of conviction for a second time. We are not persuaded by this argument.

**{¶13}** The Ohio Supreme Court has found that the technical failure to conform to Crim.R. 32(C) does not render the judgment a nullity. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535; *Bonnell*. In *State ex rel. DeWine,* the court held that the remedy for correcting a sentencing entry that does not comply with Crim.R. 32(C) is to issue a corrected sentencing entry.

**{¶14}** In a similar case, this court held that the remedy for the trial court's failure to include an aggravated burglary conviction and sentence in a journal entry was to issue a nunc pro tunc entry that included the fact and manner of conviction on that charge. *See Bonnell*. This court rejected Bonnell's argument that he was entitled to a new, final

appealable order to appeal from his judgment of conviction. Rather, relying on *Lester,*

the Court found that Bonnell had been given a full opportunity to litigate all the issues

relating to his conviction and sentence. *Id.* This court further stated:

> Additionally, Ohio appellate courts have found that where a trial court
> issues a corrected judgment entry to comply with Crim.R. 32(C), a
> defendant who has already had the benefit of a direct appeal cannot raise
> any and all claims of error in successive appeals. *State v. Triplett*, 4th
> Dist. No. L-10-1158, 2011-Ohio-1713; *State v. Avery*, 3d Dist. No.
> 14-10-35, 2011-Ohio-4182, ¶ 14; *State v. Harris*, Richland App. No.
> 10-CA-49, 2011-Ohio-1626, ¶ 30. In such circumstances, res judicata
> remains applicable and the defendant is not entitled to a "second bite at the
> apple." *Avery*, at ¶ 14. Aptly stated, "[n]either the Constitution nor
> common sense commands anything more." [*State v.*] *Fischer*, 128 Ohio
> St.3d 92, [2010-Ohio-6238, 942 N.E.2d 332] at ¶ 26. As argued by the
> state herein, to hold otherwise would open the floodgates and "enable
> validly convicted and sentenced prisoners throughout the state to
> circumvent res judicata by arguing, after all direct and collateral appeals
> are exhausted, that their sentencing documents are improperly worded[.]"

**{¶15}** Based on the above, we conclude that the trial court properly remedied the

errors in Viceroy's original sentencing journal entry on December 7, 2010. As no new

or substantive rights were affected under R.C. 2505.02(A)(1) by the correction and

Viceroy had already exhausted the appellate process, the corrected judgment entry is not

a new final order from which a new appeal may be taken. Thus, we overrule Viceroy's

first assignment of error.

**{¶16}** In his second assignment of error, Viceroy argues the trial court violated

his rights under Crim.R. 32 by failing to allow him to be present with counsel and to

speak in mitigation of sentence. We disagree.

{¶17} Primarily, as noted by this court in *Viceroy*, 8th Dist. No. 96594, 2011-Ohio-3077, the trial court was not instructed to hold a hearing but to issue a final appealable order. Further, as stated in our analysis of Viceroy's first assignment of error, those corrections did not affect Viceroy's sentence or any other substantive right. Additionally, in *State v. Walker*, 8th Dist. No. 96486, 2012-Ohio-697, this court, citing the Ohio Supreme Court decision in *State ex rel. DeWine*, held that "[c]onsistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, we have expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.'"

{¶18} Thus, the trial court did not err when it corrected Viceroy's sentencing entry without holding a hearing.

{¶19} Viceroy's second assignment of error is overruled.

{¶20} In his third and final assignment of error, Viceroy argues that the cumulative errors deprived him of his right to due process. This assignment of error lacks merit.

> {¶21} It is true that separately harmless errors may violate a defendant's right to a fair trial when the errors are considered together. In order to find 'cumulative error' present, we first must find that multiple errors were committed at trial. We then must find a reasonable probability that the outcome of the trial would have been different but for the combination of the separately harmless errors. *State v. Clark*, 8th Dist. No. 89371, 2008-Ohio-1404, 2008 WL 803034, ¶ 62, quoting *State v. Djuric*, 8th Dist. No. 87745, 2007-Ohio-413.

> {¶22} In the present case, Viceroy argues that the multiple errors raised in his

previously discussed assignments of error form the basis of his cumulative-errors argument. Based on our discussion in the previous assigned errors, we found no error with which the trial court corrected Viceroy's original sentencing entry. Consequently, having found no errors regarding appellant's pivotal complaints in this case, we find that the doctrine of cumulative errors is inapplicable.

**{¶23}** Viceroy's third and final assignment of error is overruled.

**{¶24}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR

Appendix

Assignments of Error:

"I.   Trial counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution.

II.   The trial court denied the appellant his rights under Crim.R. 32 by failing to allow him to be present, with counsel and to speak in mitigation of sentence.

III.   The cumulative errors denied the appellant Due Process under the Fourteenth Amendment."