[Cite as *State v. Greene*, 2011-Ohio-2021.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JOSEPH DEWITT GREENE | : | Case No. 10CAA060045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from Court of Common Pleas,
                                 Case No. 95CRI030149



JUDGMENT:                        Affirmed



DATE OF JUDGMENT ENTRY:          April 19, 2011



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DOUGLAS DUMOLT                            JOSEPH D. GREENE, PRO SE
140 North Sandusky Street                 #608-338
Delaware, OH  43015                       P.O. Box 1812
                                         Marion, OH  43301

*Farmer, P.J.*

{¶1}   On September 25, 1995, the trial court sentenced appellant, Joseph Dewitt Greene, to an aggregate indefinite term of twelve to twenty years in prison.  The sentence was ordered to be served concurrently with a sentence appellant was serving in federal prison.

{¶2}   On March 22, 2010, appellant filed a motion for leave to file a motion to correct sentence, arguing there was an unnecessary delay in executing his sentence which in effect increased his sentence.  By judgment entry filed May 13, 2010, the trial court denied the motion.

{¶3}   Also on May 13, 2010, the trial court filed a nunc pro tunc judgment entry on sentence, presumably to comply with Crim.R. 32 and the decision of *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330.

{¶4}   On June 8, 2010, appellant filed a notice of appeal on the May 13, 2010 entry.  On same date, the trial court filed a second nunc pro tunc judgment entry on sentence to clarify an issue on the firearm specification sentence.

{¶5}   This matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "JUDGMENT OF CONVICTION IS IN VIOLATION OF CRIMINAL RULE 32(C)."

II

{¶7}   "A BREACH OF PLEA AGREEMENT WITHIN WRITTEN TEXT OF RULE 11(F) NEGOTIATIONS."

III

{¶8} "INTERRUPTION OF PETITIONER'S STATE SENTENCING IN VIOLATION OF 14TH AMEND DUE PROCESS (LIFE, LIBERTY, OR PROPERTY)."

IV

{¶9} "CONTEMPT OF COURT BY THE DELAWARE COUNTY PROSECUTOR AND SHERIFF TO ACCOMPLISH ITS DUTIES AS ORDERED BY THE COURT."

V

{¶10} "DEFENDANT WAS MISTAKENLY TRANSFERRED TO FEDERAL AUTHORITIES WITHOUT PROPER JURISDICTION."

I

{¶11} Appellant now claims his original judgment entry on sentencing was void and failed to conform to Crim.R. 32(B) and *Baker,* supra, therefore, he was entitled to a de novo resentencing hearing. We disagree.

{¶12} In *Baker* at syllabus, the Supreme Court of Ohio held the following:

{¶13} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)"

{¶14} We note "[n]othing in *Baker* discusses void or voidable sentences." *State v. Fischer,* 128 Oho St.3d 92, 2010-Ohio-6238, ¶39.

{¶15} On May 13, 2010, the trial court issued a nunc pro tunc judgment entry on sentence which corrected any *Baker* violations. We find the trial court did not err in

correcting any *Baker* violations via a nunc pro tunc entry. *State v. Harvey,* Allen App. No. 1-09-48, 2010-Ohio-1627. The May 13, 2010 judgment entry is a final appealable order.

{¶16} Assignment of Error I is denied.

## II, III, IV, V

{¶17} Appellant challenges the events from the original judgment entry on sentencing (September 25, 1995) to the May 13, 2010 nunc pro tunc judgment entry on sentencing. It is appellant's position that his state sentence was "interrupted" by his return to federal prison to complete his federal sentence and the prosecutor and sheriff improperly conveyed him to federal jurisdiction. We disagree.

{¶18} In its September 25, 1995 judgment entry on sentence, the trial court clearly ordered the state sentence to run concurrently with the federal sentence. Once appellant was released from federal custody, he was placed in a state facility to complete his state sentence.

{¶19} There is no proof that appellant has not received his jail time credit. To the contrary, the state points out on October 7, 2009 and December 2, 2009, the Ohio Parole Authority noted in its decisions that appellant earned jail time credit for the full time he spent in the federal penitentiary. Appellee's Brief at 5.

{¶20} Assignments of Error II, III, IV, and V are denied.

{¶21} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 325

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
|---|---|---|
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH DEWITT GREENE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAA060045 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ Julie A. Edwards_____


_s/ Patricia A. Delaney_____
JUDGES