[Cite as *State v. Bonnell*, 2011-Ohio-5837.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96368**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MELVIN BONNELL

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-223820

**BEFORE:**   S. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   November 10, 2011

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

BY:   Kimberly S. Rigby
          Andrew J. King
Assistant Ohio Public Defenders
250 East Broad Street, Suite 1400
Columbus, OH   43215

Laurence E. Komp
P.O. Box 1785
Manchester, MO   63011


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Matthew E. Meyer
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


SEAN C. GALLAGHER, J.:

{¶ 1}   Appellant Melvin Bonnell appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion for resentencing and to issue a final, appealable order.   For the reasons stated herein, we reverse the decision and remand the

matter to the trial court for the issuance of a nunc pro tunc entry consistent with this opinion.

{¶ 2} In 1988, Bonnell was convicted by a jury on two counts of aggravated murder and one count of aggravated burglary. He was sentenced to death for the aggravated murders, and the court imposed a sentence of 10 to 25 years in prison for the aggravated burglary. Appellant pursued his appeal avenues in state and federal courts, largely to no avail. Of relevance to this matter, in *State v. Bonnell* (Oct. 5, 1989), Cuyahoga App. No. 55927, this court merged the two separate murder counts and found that because the sentence for aggravated burglary was imposed outside of Bonnell's presence, he was to be resentenced on said count. Bonnell was resentenced to the same prison term on the aggravated burglary count on October 25, 1989. On May 21, 2010, 22 years after his conviction and sentence were initially imposed, Bonnell filed a "motion for resentencing and to issue a final appealable order." The trial court denied the motion, and this appeal followed.

{¶ 3} Bonnell's sole assignment of error is as follows: "The trial court erred by not granting Bonnell's motion to vacate because the purported judgment of conviction does not comply with Crim.R. 32(C) and *State v. Baker* [119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163]."

{¶ 4} Bonnell argues that the sentencing opinion and judgment entries fail to set forth the conviction on the aggravated burglary count. Therefore, he claims that there is

no final, appealable order and that the matter should be remanded to the trial court for resentencing and the issuance of a judgment in compliance with Crim.R. 32(C).

{¶ 5} Crim.R. 32(C) provides that a "judgment of conviction shall set forth the plea, the verdict, or findings upon which each conviction is based, and the sentence." In *Baker*, the Ohio Supreme Court expounded on the language of Crim.R. 32(C) and set forth the elements required for a judgment of conviction to constitute a final appealable order. Id. at ¶ 18. The court concluded that a judgment of conviction "must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02." Id. at ¶ 19. The Ohio Supreme Court's decision created confusion and spawned numerous appeals.

{¶ 6} In *State v. Lester*, __ Ohio St.3d __, 2011-Ohio-5204, __ N.E.2d __, ¶ 9, the Ohio Supreme Court recognized that its decision in *Baker* "created confusion and generated litigation regarding whether a trial court's inadvertent omission of a defendant's 'manner of conviction' affects the finality of a judgment entry of conviction." The court found that "the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C)." Id. at ¶ 12. Nevertheless, the court held that when the manner of conviction is not included, the defendant remains entitled to a correction to the judgment. Id. at ¶ 16.[1]

---

[1] As recognized by Justice O'Donnell, the court has once again added

As to the substantive requirements of Crim.R. 32(C), the court held as follows: "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."  Id. at ¶ 14.[2]

{¶ 7}  This was a death penalty case in which the trial court issued a separate sentencing opinion as required by R.C. 2929.03(F).  In *State v. Ketterer*, the Ohio Supreme Court held that in cases in which the death penalty is imposed, the final, appealable order consists of both the sentencing opinion filed pursuant to R.C. 2929.03(F) and the judgment of conviction filed pursuant to Crim.R. 32(C).  126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9.  So long as the requisite elements are in those two orders, a final, appealable order is present.

{¶ 8}  The sentencing opinion filed May 27, 1988, states that Bonnell was indicted on December 30, 1987, with charges on "numerous felony counts and two counts of aggravated murder with specifications."  The opinion proceeds to state as follows: "On March 3, 1988 the jury found the defendant guilty in the guilt phase of this capital murder case, and on March 22, 1988 the jury found proof beyond a reasonable doubt that the

confusing and unnecessary language and complicated the problem.  Id. at ¶ 32, O'Donnell, J., concurring in part and dissenting in part.  Nonetheless, we are bound to follow the decision.

[2]  Insofar as the Ohio Supreme Court held in *Lester* that a defendant who has exhausted his appeals remains entitled to a correction of the judgment entry where Crim.R. 32(C) is not complied with, we reject the state's argument that Bonnell's

aggravating circumstances which defendant was found guilty of committing did outweigh the mitigating factors in the case. Subsequently the Court accepted and followed the recommendation of the jury in making a similar finding and sentenced the defendant to death in the electric chair." After setting forth various findings, the sentencing opinion pronounces "[o]n both counts of aggravated murder with specification, the defendant is sentenced to death in the electric chair."

{¶ 9} In the nunc pro tunc sentencing entry filed May 27, 1988, the court indicated "[t]he court concurs with the jury finding of the death penalty." The court proceeded to order his execution. The court also sentenced Bonnell to a term of 10 to 25 years on Count 1, aggravated burglary. Subsequent to an appeal, the trial court issued a sentencing entry filed October 20, 1989, which resentenced Bonnell to the same term on the aggravated burglary count. The judge signed and the clerk of court certified each of the three documents.

{¶ 10} Bonnell argues that the sentencing opinion and entries fail to properly journalize the aggravated burglary conviction and the related finding of guilt on that count. He states the sentencing opinion only addresses the conviction for aggravated murder and only references that he was indicted on "numerous felony counts," with no specification as to the nature of those charges. We agree.

{¶ 11} Our review reflects that the fact of conviction was only discussed in relation to the aggravated murder counts. The aggravated burglary count is not specifically

motion amounts to an untimely petition for postconviction relief.

mentioned in the sentencing opinion, and neither the fact nor the manner of conviction was indicated on that count. As a result, the trial court failed to technically comply with Crim.R. 32(C).

{¶ 12} However, we do not agree with the remedy requested by Bonnell. Bonnell claims he is entitled to have the trial court issue a final, appealable order, so as to enable him to again invoke jurisdiction to appeal his judgment of conviction. We are not persuaded by his argument.

{¶ 13} The Ohio Supreme Court has found that the technical failure to conform to Crim.R. 32(C) does not render the judgment a nullity. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, at ¶ 19. In *State ex rel. DeWine*, the court held that the remedy for correcting a sentencing entry that does not comply with Crim.R. 32(C) is to issue a corrected sentencing entry. Id. at ¶ 23. As expressed by the court:

> **"Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be remedied by a nunc pro tunc entry, we have expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.'** *State ex rel. Alicea v. Krichbaum*, **126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; see also** *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, **119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10–11 (a defendant is entitled to a sentencing entry that complies with Crim.R. 32(C));** *Dunn v. Smith*, **119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 10 (when a trial court fails to comply with Crim.R. 32(C), 'the appropriate remedy is correcting the journal entry').**
>
> **"This result is logical. The trial court and the parties all proceeded under the presumption that the sentencing entry for Smith constituted a final, appealable order. Any failure to comply with Crim.R. 32(C) was a mere oversight that vested the trial court with specific, limited**

**jurisdiction to issue a new sentencing entry to reflect what the court had previously ruled and not to issue a new sentencing order reflecting what, in a successive judge's opinion, the court should have ruled. These circumstances are thus distinguishable from egregious defects, such as an entry that is not journalized, that permit a court to vacate its previous orders. Cf. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337–338, 686 N.E.2d 267. Moreover, the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction in Smith's sentence is not a violation of a statutorily mandated term, so it does not render the judgment a nullity. Cf. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 10–12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223; see also *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 39 ('fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error')."**

Id. at ¶ 18-19.

{¶ 14} Likewise, in *Lester*, the court determined that "a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." Id. at ¶ 20. While in *Lester* the court found that the "fact of conviction" must be included in the judgment entry of conviction, the court set forth this requirement with the understanding that "the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *Lester*, at ¶ 20, citing *State v. Tripodo* (1977), 50 Ohio St.2d 124, 127, 363 N.E.2d 719; App.R. 4(A). Like the defendant in *Lester*, Bonnell had notice of his conviction, which was evident throughout the record, and was apparent to the defendant who had exhausted the appellate process. See id. at ¶13.

{¶ 15} Similarly, in *State v. Fischer*, the Ohio Supreme Court rejected the notion that a defendant could raise any and all errors relating to his conviction when his original sentence was deemed void for the failure to include postrelease control and he had already appealed his conviction. 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Instead, the court limited the scope of relief to correcting only the illegal sentence and found res judicata still applied to other aspects of the merits of the conviction. Id. See, also, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381 (applying law of the case and res judicata to convictions and unaffected sentences upon remand for an allied- offenses sentencing error).

{¶ 16} Additionally, Ohio appellate courts have found that where a trial court issues a corrected judgment entry to comply with Crim.R. 32(C), a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals. *State v. Triplett*, Lucas App. No. L-10-1158, 2011-Ohio-1713; *State v. Avery*, Union App. No. 14-10-35, 2011-Ohio-4182, ¶ 14; *State v. Harris*, Richland App. No. 10-CA-49, 2011-Ohio-1626, ¶ 30. In such circumstances, res judicata remains applicable and the defendant is not entitled to a "second bite at the apple." *Avery*, at ¶ 14. Aptly stated, "[n]either the Constitution nor common sense commands anything more." *Fischer*, 128 Ohio St.3d 92, at ¶ 26. As argued by the state herein, to hold otherwise would open the floodgates and "enable validly convicted and sentenced prisoners throughout the state to circumvent res judicata by arguing, after all

direct and collateral appeals are exhausted, that their sentencing documents are improperly worded[.]"

{¶ 17} In this case, all parties were aware that Bonnell was convicted by a jury on the aggravated burglary charge for which he was sentenced, as evidenced by his appeal of that charge. Further, the reviewing courts exercised jurisdiction over his appeals, and heard and decided his case. Thus, unlike the defendant in *Baker*, Bonnell was not deprived the opportunity to appeal his conviction. Rather, Bonnell was given full opportunity to litigate all of the issues relating to his conviction and sentence, and his substantive rights were not prejudiced in any way.

{¶ 18} Accordingly, we conclude that the proper remedy is for the trial court to issue a nunc pro tunc entry that includes the fact and manner of conviction on the aggravated burglary charge. As no new or substantial right is affected under R.C. 2505.02(A)(1) by the correction, and appellant has already exhausted the appellate process, the corrected judgment entry is not a new final order from which a new appeal may be taken.

Judgment reversed; case remanded with instructions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR