[Cite as *State v. Horn*, 2014-Ohio-1814.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CAA 12 0087 |
| DAVID L. HORN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Delaware County
Court of Common Pleas, Case No. 08-CR-
1-05-0268

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 28, 2014

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

CAROL HAMILTON O'BRIEN         DAVID HORN, PRO SE
BY KYLE E. ROHRER
140 North Sandusky Street
Delaware, OH 43015

*Gwin, P.J.*

{¶1}   Defendant-appellant David L. Horn appeals from the December 3, 2013 judgment entry of the Delaware County Common Pleas Court denying his motion for final appealable order.  Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   Appellant was convicted after a jury trial of grand theft of a motor vehicle, aggravated robbery with a firearm specification, and kidnapping with a firearm specification.  On October 31, 2008, appellant was sentenced to a total prison term of fourteen years and six months.  In a judgment entry of sentence on October 31, 2008, the trial court stated:

> [d]efendant has been convicted of grand theft of a motor vehicle, as set forth in Count One of the indictment, a violation of R.C. 2913.02(A)(2), a felony of the fourth degree, AND; of Aggravated Robbery, as set forth in Count Two, a violation of R.C. 2911.01(A)(1), a felony of the first degree, AND; of the Firearm Specification attached to Count Two, a violation of R.C. 2941.145, AND; of Count Three of Kidnapping, as set forth in Count Three of the Indictment, a violation of R.C. 2905.01(A)(2), a felony of the first degree, and of the Firearm Specification attached to Count Three, a violation of R.C. 2941.145.

The October 31, 2008 judgment entry also recited appellant's sentence on each count, detailed appellant's appeal rights, and notified appellant of the imposition of post-

release control.  The judgment entry was signed by the trial court judge and was time-stamped by the Delaware County Clerk of Courts on October 31, 2008.

{¶3} On November 12, 2008, the trial court entered a judgment entry on verdict, indicating the case was tried to a jury and appellant requested the jury be polled after the verdict.  Appellant filed an appeal of his conviction on November 19, 2008.  Appellant argued in his direct appeal that he was deprived of his right to counsel under the Ohio and federal constitutions because the trial court failed to ensure appellant's waiver of counsel was knowing, voluntary, and intelligent.   On November 10, 2009, we affirmed appellant's convictions in *State v. Horn*, Delaware No. 08 CAA 11 0069, 2009-Ohio-5983.

{¶4} On December 17, 2009, the trial court sua sponte issued a nunc pro tunc judgment entry of sentence.  The nunc pro tunc entry contained the same information as contained in the first entry, except instead of stating, "[d]efendant has been convicted of * * *" the offenses, states, "[a]fter a jury trial, a verdict of guilty was returned and the Court accepted the verdict of Guilty to the charge[s] of * * *" the offenses listed.

{¶5} On October 3, 2012, appellant filed a motion to re-open his appeal.  This Court denied his motion to re-open on October 23, 2012.  On December 10, 2012, appellant filed an appeal to the Ohio Supreme Court.  The Ohio Supreme Court declined to accept jurisdiction of the case on February 6, 2013.  Appellant then filed a motion for final appealable order asking for his immediate release or a de novo sentencing hearing on November 7, 2013.  Appellee filed a response to appellant's motion for a final appealable order on November 21, 2013.  The trial court issued a

judgment entry on December 3, 2013 denying appellant's motion for final appealable order.

{¶6}    Appellant appeals the December 3, 2013 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶7}    "I. [THE] TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR FINAL APPEALABLE ORDER PURSUANT TO CRIM. R. 32(C) AND BAKER."

I.

{¶8}    In his sole assignment of error, appellant argues the trial court abused its discretion when it denied his motion for final appealable order.  Appellant contends a valid judgment of conviction is comprised of a single document and there are three judgment entries in this case.  Further, since there are three judgment entries, there has been no final appealable order.  We disagree with appellant.

{¶9}    Appellant argues the trial court erred in denying his motion because the trial court relied on multiple documents to constitute a final appealable order in violation of *State v. Baker,* 119 Ohio St.3d 197, 893 N.E.2d 163 (2008).  Pursuant to Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, a defendant is entitled to a sentencing entry that clearly states, "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, 130 Ohio St.3d at 147-148.  A judgment entry of conviction that includes these elements is a final order subject to appeal under R.C. 2502.02.  *Id.* at 147.  In *Baker*, the Ohio Supreme Court stated the

four required elements must be recorded in one document to constitute a final, appealable order.  119 Ohio St.3d 197, 893 N.E.2d 163 (2008).

{¶10}  In this case, the October 31, 2008 judgment entry of sentence included the fact that appellant was convicted, the sentence on each count, the fact that the sentences are to be served consecutively, the trial court judge's signature, and the time stamp of the Delaware County Clerk of Courts indicating journalization.  The original judgment entry of sentence recited appellant had been convicted of the various offenses, but did not disclose the manner of conviction.  In its December 17, 2009 nunc pro tunc judgment entry of sentence, the trial court added the following language, "[a]fter a Jury Trial, a verdict of Guilty was returned and the Court accepted the verdict of Guilty to" the listed charges.

{¶11}  In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court held that a nunc pro tunc entry issued for the sole purpose of complying with Crim.R. 32(C) by correcting a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken.  *Id.*  Further, when the substantive provisions of Crim.R. 32(C) are contained in a judgment of conviction, a trial court's omission of how a defendant's conviction was effected, i.e. the "manner of conviction," does not prevent the judgment of conviction from being an order that is final and subject to appeal.  *Id.*  Where a trial court issues a corrected judgment entry to comply with Rule 32, a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals.  In such circumstances, res judicata remains applicable and the defendant is not entitled to a second bite at the apple. *State v. Bonnell*, 8th Dist. Cuyahoga No. 96368, 2011-Ohio-5837.

**{¶12}** Appellant's original judgment entry of conviction meets the requirements contained in Crim.R. 32(C) because it contained the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Like the nunc pro tunc judgment entry in *Lester*, the December 17, 2009 nunc pro tunc judgment entry in this case was issued solely for the purpose of correcting a clerical omission in the prior sentencing judgment to comply with Crim.R. 32(C). No new or substantial right was affected under R.C. 2505.02(A)(1) by this correction. However, because a statement of how a conviction was effected is required by Crim.R. 32(C) within a judgment entry of conviction as a matter of form, appellant was entitled to an order that conforms to Crim.R. 32(C). The December 17, 2009 nunc pro tunc entry does this by including the manner of conviction.

**{¶13}** Thus, the original October 31, 2008 entry was a final order subject to appeal under R.C. 2505.02 and the absence of how appellant's conviction was effected, required as a matter of form by Crim.R. 32(C), did not deprive appellant of the opportunity to appeal his conviction or sentence, as he filed a direct appeal in November of 2008. In his direct appeal appellant did not raise any arguments regarding the lack of finality of the judgment of conviction or challenge the sufficiency or propriety of the sentencing entry. Appellant was given a full and fair opportunity to litigate all the issues relating to his conviction and sentence in his direct appeal and in his appeal to the Ohio Supreme Court, who declined jurisdiction of appellant's appeal.

**{¶14}** The October 31, 2008 judgment entry of sentence is a valid, final appealable order and any new challenges to it are barred by the doctrine of res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all

subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶15} Appellant's assignment of error is overruled and the December 3, 2013 judgment entry by the Delaware County Common Pleas Court is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur