[Cite as *State v. Baker*, 2016-Ohio-5799.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CLINT BAKER | : | Case No. 2016CA00020 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
                                of Common Pleas, Case No. 2014-
                                CR-1046

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               September 12, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           DONALD GALLICK
Prosecuting Attorney                      The Law Office of Donald Gallick, LLC
                                          190 North Union Street #102
By: RENEE M. WATSON                       Akron, Ohio 44304
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1}   Defendant-appellant Clint Baker appeals from the January 8, 2016 Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 8, 2014, the Stark County Grand Jury indicted appellant on one (1) count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, three (3) counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, one (1) count of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(2), a felony of the second degree, and two (2) counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), felonies of the fifth degree. At his arraignment on July 18, 2014, appellant entered a plea of not guilty to the charges.

{¶3}   Pursuant to a Judgment Entry filed on September 23, 2014, the trial court permitted appellee to amend the Indictment to reflect a charge of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree. As memorialized in a Judgment Entry filed on the same day, appellant, on September 15, 2014, pleaded guilty to the amended count of rape and the remaining counts. The trial court sentenced appellant to nine (9) years on the count of rape, to five (5) years on each count of gross sexual imposition, to eight (8) years on the count of illegal use of a minor in a nudity-oriented material or performance, and to twelve (12) months on each count of disseminating matter harmful to juveniles. The trial court, in its September 23, 2014 Judgment Entry, ordered that the sentences be served concurrently with each other, for an aggregate sentence of nine (9) years in prison.

Via a separate Judgment Entry filed on September 23, 2014, appellant was classified as a Tier III sex offender.

{¶4} Subsequently, on October 29, 2015, appellant filed a Motion to Clarify Sentencing Order. Appellant, in his motion, argued that the trial court's September 23, 2014 Judgment Entry sentenced him to nine (9) years of non-mandatory incarceration, that he had signed a plea agreement that recommended non-mandatory time, and that the Department of Rehabilitation and Corrections website showed that his incarceration "has been converted to nine years mandatory time, instead of the non-mandatory time…" Appellant asked that the trial court issue an order clarifying that his nine (9) year sentence was not ordered to be mandatory. Appellee, in its November 4, 2015 response, noted that the "Plea of Guilty Criminal Rule 11(C)" form signed by appellant on September 15, 2014 states that "I am charged with a felony of the felony of the first degree. I understand that there is a mandatory prison term in this case." Appellee further pointed out on page one of such form "yes" is circled under "prison term is mandatory" next to the offense of rape.

{¶5} The trial court scheduled a resentencing hearing for December 14, 2015.

{¶6} A Resentencing Judgment Entry was filed on January 8, 2016. The Judgment Entry specifically stated that appellant's nine (9) year sentence for rape was mandatory.

{¶7} Appellant now raises the following assignments of error on appeal:

{¶8} I. THE TRIAL COURT'S MODIFIED JOURNAL ENTRY IS VOID AB INITIO BECAUSE A COURT HAD NO AUTHORITY TO MODIFY A FINAL ORDER IMPOSING A CRIMINAL SENTENCE.

{¶9} II. THE TRIAL COURT'S ORDER WAS VOID AS IT WAS IMPROPERLY DRAFTED AND/OR APPROVED BY THE COUNTY PROSECUTOR.

I

{¶10} Appellant, in his first assignment of error, argues that the trial court erred in issuing a modified sentencing order on January 8, 2016 because the trial court had no authority to modify a final order imposing a criminal sentence. Appellant specifically contends that because the trial court's September 23, 2014 Judgment Entry, which was a final order, did not specify that his nine (9) year prison sentence for rape was mandatory, the trial court's January 8, 2016 Judgment Entry was void ab initio.

{¶11} In the case sub judice, appellant, on September 15, 2014, signed a "Plea of Guilty Criminal Rule 11(C) form". The form expressly states on page two that "I am charged with a felony of the felony of the first degree. I understand that there is a mandatory prison term in this case." In addition, on page one of such form "yes" is circled under "prison term is mandatory" next to the offense of rape. Moreover, at the September 15, 2014 plea hearing, the trial court advised appellant that rape was "punishable by 3, 4, 5, 6, 7, 8, 9 or 10 years in prison and that prison term is a mandatory prison term." Transcript of September 15, 2014 hearing at 6. Appellant, when asked if he understood this, indicated that he did.

{¶12} We find, based on the foregoing, that appellant was advised that his nine (9) year sentence for rape was mandatory. The trial court, therefore, should have issued a nunc pro tunc entry to state that appellant's sentence was mandatory. As a general rule, once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the Ohio General Assembly. *See State v. Hayes*, 86

Ohio App.3d 110, 619 N.E.2d 1188 (1993). One significant exception, however, is that a trial court has jurisdiction to correct clerical errors in its judgments. *See State ex rel. Cruzado,* 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 19, citing Crim.R. 36. A *nunc pro tunc* order can be used to supply information which existed but was not recorded, and to correct typographical or clerical errors. *See Jacks v. Adamson*, 56 Ohio St. 397, 47 N.E. 48 (1897). *Nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 1995-Ohio-278, 656 N.E.2d 1288. "Sentencing courts have been given the ability to correct omissions in sentencing entries, and are not required to call the defendant into open court upon the issuance of a *nunc pro tunc* entry where that defendant was present when the sentence was correctly imposed." *State v. Van Tielen,* 12th Dist. Brown No. CA2013–11–012, 2014–Ohio–4421, ¶ 21.

{¶13} The trial court, therefore, should have issued a nunc pro tunc entry stating that appellant's prison sentence was mandatory rather than resentencing appellant.

{¶14} Moreover, assuming, arguendo, that the trial court failed to advise appellant that his prison sentence was mandatory, any such failure would not render the sentence void. R.C. 2929.19(B)(7) specifically provides as follows:

> The failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences. If the sentencing court notifies the offender at the sentencing

hearing that a prison term is mandatory but the sentencing entry does not specify that the prison term is mandatory, the court may complete a corrected journal entry and send copies of the corrected entry to the offender and the department of rehabilitation and correction, or, at the request of the state, the court shall complete a corrected journal entry and send copies of the corrected entry to the offender and department of rehabilitation and correction.

**{¶15}** This Court, in *State v. Johnson*, 5th Dist. Delaware No. 16CAA030011, 2016-Ohio-4617, recently addressed the proper remedy when a trial court fails to state that prison terms are mandatory. In rejecting the appellant's argument that his sentence was, therefore, void, this Court held, in relevant part, as follows at paragraph 22:

Several courts have addressed the appropriate remedy under these circumstances: the trial court should issue a nunc pro tunc sentencing entry adding a statement that the prison term is mandatory. See, *State v. McFarland,* 7th Dist. Mahoning No. 15 MA 17, 2015–Ohio–4839; *State v. Benitez–Maranon,* 9th Dist. Summit Nos. 26461, 26659, 2014–Ohio–3575; *State v. Rasul,* 8th Dist. Cuyahoga No. 101625, 2016–Ohio–200, appeal not allowed, 145 Ohio St.3d 1472, 2016–Ohio–3028; see also *State v. Ware,* 141 Ohio St.3d 160, 2014–Ohio–5201, 22 N.E.3d 1082 [omission of the term "mandatory" is irrelevant because defendant's prison term is still mandatory].

**{¶16}** Based on the foregoing, appellant's first assignment of error is overruled.

II

**{¶17}** Appellant, in his second assignment of error, argues that the trial court's January 8, 2016 Judgment Entry was void because it was improperly drafted and/or approved by the Prosecutor.

**{¶18}** As noted by this Court in *State v. Sapp*, 5th Dist. Morgan No. 07CA11, 2008-Ohio- 5083 at paragraph 27, "Prosecutors often prepare entries, including sentencing entries. A trial court may or may not sign prepared entries at its discretion." Because the January 8, 2016 Judgment Entry signed by the trial court reflects what happened on the record, we find no prejudice to appellant.

**{¶19}** Appellant's second assignment of error is, therefore, overruled.

**{¶20}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.