[Cite as *State v. Dean*, 2017-Ohio-7349.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17CA36 |
| RALPH EDWARD DEAN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Richland County
Court of Common Pleas, Case No. 81-CR-
262

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        August 24, 2017

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOSEPH SNYDER        RALPH DEAN #A-169-464
Assistant Prosecutor        Richland Correctional Institution
38 South Park Street        1001 S. Olivesburg Road
Mansfield, OH 44902        Mansfield, OH  44905

*Gwin, P.J.*

{¶1} Appellant Ralph Dean appeals the April 6, 2017 nunc pro tunc sentencing judgment entry of the Richland County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In 1981, appellant was indicted on one count of aggravated murder and one count of kidnapping. Appellant was found guilty of both counts by a jury on August 4, 1982. On August 10, 1982, the trial court issued a judgment entry that sentenced appellant as follows: to an indeterminate term of life in prison with parole eligibility in twenty years on count one, aggravated murder, and 5-15 years on count two, kidnapping, to be served consecutive to count one.

{¶3} Appellant filed a direct appeal of his conviction and argued: he was denied his right to a speedy trial; his conviction was against the manifest weight of the evidence; the trial court erred by failing to ensure the indictment was actually filed with the Clerk of Courts; his conviction was improper due to defects in the handling of the indictment; the trial court erred with respect to the jury instructions; the trial court erred by admitting testimony about a second alleged murder committed by appellant; the trial court erred by permitting testimony from an expert witness rendering opinions based upon facts not within the witnesses' personal knowledge; and ineffective assistance of counsel. In *State v. Dean*, 5th Dist. Richland No. CA-2090, 1983 WL 6385 (Feb. 18, 1983), this Court overruled appellant's assignments of error and affirmed his convictions.

{¶4} On June 29, 1983, the trial court filed an amended judgment entry. The judgment entry stated the August 10, 1982 journal entry sentencing appellant is amended

as follows, "as to Count 1 of the indictment, the phrase 'with parole eligibility in 20 years' is stricken and amended to read 'with parole eligibility in 15 years.'" Appellant did not appeal this entry.

{¶5} Appellant filed a motion to issue a final appealable order on March 3, 2017. Appellant argued no final appealable order had been issued in either 1982 or 1983 that complies with *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008). Appellee filed a memorandum in opposition. The trial court issued a nunc pro tunc sentencing judgment entry on April 6, 2017 to comply with *Baker* and added the following language, "defendant was found guilty by a jury on both counts in the indictment."

{¶6} Appellant appeals the April 6, 2017 nunc pro tunc sentencing entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT COMPLETELY DEPRIVED DEAN OF HIS RIGHT TO COUNSEL AT A CRITICAL STAGE OF THE PROCEEDINGS AND IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT MODIFIED AND ALTERED APPELLANT'S SENTENCE IN THE APRIL 15, NUNC PRO TUNC ENTRY WITHOUT COUNSEL BEING PRESENT.

{¶8} "II. DEAN WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND OHIO CRIMINAL RULE 43, WHEN THE TRIAL COURT MADE A SIGNIFICANT CHANGE TO THE JUDGMENT OF CONVICTION OUTSIDE OF HIS PRESENCE."

I. & II.

{¶9} In his assignments of error, appellant contends no final appealable order has been issued in this case and the trial court erred in issuing a nunc pro tunc sentencing entry outside his presence and outside the presence of counsel. Further, appellant argues the proper remedy for a *Baker* violation is not a nunc pro tunc sentencing entry, but is a resentencing hearing with appellant and his counsel present. Appellant contends after such a resentencing hearing, his appellate rights are re-set and he can raise objections related to speedy trial rights and violations of the Interstate Agreement of Detainers.

{¶10} Pursuant to Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, a defendant is entitled to a sentencing entry that clearly states, (1) the fact of the conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk.

{¶11} Though appellant contends the 1982 sentencing order was not final and appealable and thus there has never been a final appealable order against him, we disagree. The August 10, 1982 sentencing entry includes sentence, the judge's signature, and the time stamp from the clerk of courts. The judgment entry does not specifically use the word "convicted." However, *Baker*, interpreting the plain language of Criminal Rule 32(C), never held the phrase "defendant was convicted" was required in the sentencing entry. *State v. Fryer*, 5th Dist. Perry No. 15-CA-00013, 2015-Ohio-4573; *State v. Fowler*, 7th Dist. Mahoning No. 14 MA 124, 2015-Ohio-1053; *State ex rel. Eubank v. McDonald*, 6th Dist. Lucas No. L-12-1143, 2012-Ohio-3728.

{¶12} The judgment entry does include, at the top of the page, the two counts in the indictment which appellant was convicted of, aggravated murder and kidnapping, and then separately lists the sentence for each count. The purpose of the requirement of the "fact of conviction" in the sentencing entry is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142; *State v. Horn*, 5th Dist. Delaware No. 13 CAA 12 0087, 2014-Ohio-1814; *State v. Bonnell*, 8th Dist. Cuyahoga No. 96368, 2011-Ohio-5837. Here, appellant had notice of his conviction and exhausted the appellate process. In his direct appeal, appellant did not raise any arguments regarding the lack of finality of the judgment of conviction or challenge the sufficiency or propriety of the sentencing entry.

{¶13} Further, the Ohio Supreme Court "has consistently regarded Crim. R. 32(C) errors as clerical mistakes subject to nunc pro tunc corrections." *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013. In *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, the Supreme Court held the remedy for correcting a sentencing entry that does not comply with Crim.R. 32(C) is to issue a corrected sentencing entry rather than conduct a new sentencing hearing.

{¶14} The Supreme Court explained this remedy is logical because the trial court and the parties all proceeded under the presumption that the sentencing entry for the defendant constituted a final appealable order and any failure to comply with Rule 32(C) was a mere oversight that vested the trial court with specific and limited jurisdiction to issue a new sentencing entry to reflect what the court had previously ruled, not to issue a new sentencing entry reflecting what, in a successive judge's opinion, the court should

have ruled. *Id; see also State v. Davis*, 9th Dist. Medina No. 13CA0104-M, 2014-Ohio-4122; *State v. Clark*, 2nd Dist. Montgomery Nos. 26944, 26946, 2016-Ohio-8508 (holding incorrect felony level in sentencing entry is technical violation and can be corrected through nunc pro tunc entry relating back to the original sentencing entry); *State v. Bonnell*, 8th Dist. Cuyahoga No. 96368, 2011-Ohio-5837 (finding the remedy for a technical violation of Crim.R. 32(C) is not to have the trial court issue a final appealable order so the defendant can again appeal his conviction, but is a corrected sentencing entry).

{¶15} While appellant was entitled to a corrected sentencing entry that sets forth the fact of the conviction, the manner of conviction, the sentence, the judge's signature, and the time stamp from the clerk of courts in one document, the trial court can do so through a nunc pro tunc entry. *State v. Greene*, 5th Dist. Delaware No. 10CAA060045, 2011-Ohio-2021 (holding the trial court did not err in correcting *Baker* violations via a nunc pro tunc entry); S*tate v. Davis*, 9th Dist. Medina No. 13CA0104-M, 2014-Ohio-4122; *State v. Loper*, 8th Dist. Cuyahoga No. 104828, 2017-Ohio-542 (holding when a journal entry of sentence does not set forth the fact of conviction or complete sentence, the remedy is a nunc pro tunc order correcting the entry).

{¶16} This Court has held where a trial court issues a corrected journal entry to comply with Rule 32, a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals. *State v. Horn*, 5th Dist. Delaware No. 13 CAA 12 0087, 2014-Ohio-1814. As we stated in *State v. Harris*, 5th Dist. Richland No. 10-CA-49, 2011-Ohio-1626 where an appellant attempted to re-litigate multiple claims from his original conviction and raise new claims, "we do not find this to

be the intent of the Supreme Court in *Baker.*" In such circumstances, res judicata remains applicable and the defendant is not entitled to a second bite at the apple. *State v. Horn*, 5th Dist. Delaware No. 13 CAA 12 0087, 2014-Ohio-1814. A nunc pro tunc entry issued solely for the purpose of comply with Rule 32 applies retrospectively to the judgment it corrects and is not a new final appealable order. *State v. Miley*, 5th Dist. Richland No. 2011 CA 0005, 2011-Ohio-5647; *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.2d 989 (holding res judicata prevents a litigant from using a resentencing entry pursuant to *Baker* to litigate an issue that defendant has already litigated or could have litigated on direct appeal.).

{¶17} Here, the trial court originally sentenced appellant in 1982. Appellant filed a direct appeal of his conviction and raised multiple assignments of error. He did not raise as error his sentence. This Court exercised jurisdiction over his appeal and heard and decided his case. Appellant had a full opportunity to litigate all issues relating to his conviction and sentence, and his substantive rights were not prejudiced in any way. The trial court issued an amended judgment entry amending appellant's parole eligibility from 20 years to 15 years to bring the sentence into compliance with the law in effect at the time appellant committed the crime. Appellant did not appeal the 1983 entry.

{¶18} The proper remedy to correct the *Baker* violation is to issue a nunc pro tunc entry, which the trial court did on April 6, 2017. As no new or substantial right is affected by the correction, appellant has already exhausted the appellate process and the April 6, 2017 judgment entry is not a new final order from which a new appeal may be taken. Accordingly, the trial court did not err in issuing a nunc pro tunc entry. "Sentencing courts have been given the ability to correct omissions in sentencing entries, and are not

required to call the defendant into open court upon the issuance of a nunc pro tunc entry."
*State v. Baker*, 5th Dist. Stark No. 2016CA00020, 2016-Ohio-5799; *State v. Ford*, 2nd
Dist. Montgomery No. 25796, 2014-Ohio-1859 (holding no hearing is required when the
court issues a nunc pro tunc entry to correct Rule 32(C) violations).

**{¶19}** Since no hearing is required when the court issues a nunc pro tunc entry to
comply with Rule 32(C), it follows then, that trial court was not required to appoint counsel
to appellant for the issues he raised in his motion. *State v. Ford*, 2nd Dist. Montgomery
No. 25796, 2014-Ohio-1859.

**{¶20}** Based on the foregoing, appellant's assignments of error are overruled. The
April 6, 2017 nunc pro tunc judgment entry of the Richland County Court of Common
Pleas is affirmed.

By: Gwin, P.J.,

Hoffman, J., and

Wise, J., concur